State v. Cole.

THE STATE v. ISAAC COLE AND JACOB W. COLE.

A combination between one member of a partnership and a third person, to issue and put in circulation the notes of the firm, drawn by such partner for the purpose of paying his individual debts, the intention of the combination being fraudulent, is an indictable conspiracy.

On case certified from the Essex county Quarter Sessions, held by Judge Titsworth and associate judges.

Argued at February Term, 1877, before BEASLEY, CHIEF JUSTICE, and Justices KNAPP, DIXON and REED.

For the state, *G. N. Abeel.*

For the defendants, *J. G. Shipman.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.    This indictment alleges a conspiracy of the defendants to defraud and cheat one George M.

Ballard. In laying the overt acts, it is stated that Ballard and Isaac Cole were partners, the style of the partnership being Cole & Ballard, and that from time to time, Isaac Cole passed to the other defendant, Jacob W. Cole, various notes, in large amounts, in the name of the firm, and in transactions in which Ballard had no interest. The *gravamen* of the charge, it will be perceived, is the fraud of a partner in fabricating the notes of his firm, and, with the collusion and aid of a third person, putting them to a use entirely alien to the business of the firm.

At the trial, the facts of the issuing of this paper and the dishonest intention of the conspirators, were fully shown. The notes thus fraudulently put in circulation, were renewed at frequent intervals, and were kept running for a long time; and during this entire period, their existence was, through the device of keeping all traces of them from the partnership books, and by a falsification of accounts, kept from the knowledge of the victim of the conspiracy.

The main objection urged upon the argument, against this prosecution, was, that the facts charged in the indictment and exhibited in the proofs, did not constitute a criminal offence. Inasmuch as a partner has the right to execute and put off the notes of the firm, it was contended that the diversion of such notes to an unauthorized purpose, was but a civil injury, and not a breach of the public law.

But this is a fallacious view, which has a plausible semblance only, because all the constituents of the problem to be solved are not taken into account. The query is not whether it is an indictable offence for a member of a firm to direct a partnership note to alien uses, but whether it is not such crime for him to do such act by concert with a third person, the intention of the two being fraudulent, and the act being carried into effect by deceitful devices. It is these added characteristics of the affair which, in my view, heighten the malfeasance into a punishable crime. Keeping in mind these adjuncts, the case easily falls within the scope of the offence of conspiracy, as defined in *State* v. *Donaldson,* 3 *Vroom* 151.

Nor, in theory, can this case be differed from that of *Queen* v. *Warburton*, *L. R.*, 1 *Cro. Cas. Res.* 274. In that case, it appeared that a combination was formed between a member of a firm and a third party, to defraud the other partner, by making it appear, on the dissolution of the partnership, that there was a debt due to such third party. On the part of the defence, it was insisted that though the acts agreed on were immoral, they were not illegal, and that it was not an indictable offence for one partner to obtain some of the partnership money from the other partners, by means of a fraudulent misstatement of existing facts.

But the court, however, thought otherwise, Chief Justice Cockburn saying: "In this case, the object of the agreement was, perhaps, not criminal. It is not necessary to decide whether or not it was criminal; it was, however, a conspiracy, as the object was to commit a civil wrong by fraud and false pretences, and I think the conviction should be affirmed."

With regard to the other objections, I deem it necessary only to say that they have been severally considered, and that my conclusion is, that none of them should prevail. The verdict was entirely justified by the facts proved, and all parts of the trial were conducted by the court with nice discrimination and legal exactness.

Let the Quarter Sessions of the county of Essex be advised that, in the opinion of this court, judgment should be entered on the verdict.